IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 16-cv-02725-CMA-KMT

POWER PLACES TOURS, INC., a Colorado corporation,
FRED TOBY WEISS,
THERESA WEISS,

    Plaintiffs,

v.

FREE SPIRIT, *a/k/a* Paul Marsh.

    Defendant.

---

### ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT
---

This matter is before the Court upon Plaintiffs" Motion for Judgment Under Fed. R. Civ. P. Rules 37 and 55. (Doc. # 39.) For the reasons described herein, the Motion is granted.

### I. BACKGROUND

Plaintiffs initiated this lawsuit on November 4, 2016, alleging violations of the Lanham Act, the Colorado Organized Crime Control Act, and a common law claim for injurious falsehood, all stemming from an acrimonious dispute with Defendant Free Spirit over his alleged publication of false and disparaging allegations against Plaintiffs on a variety of websites. (Doc. # 1.) Plaintiffs, who are in the business of marketing and selling spiritual travel and vacation goods and services, prayed for injunctive relief permanently barring Mr. Spirit from publishing allegedly defamatory statements, an

order of this Court directing third-parties to remove existing defamatory materials from online sites, and monetary damages. (*Id*. at 31-33.)

On December 28, 2016, Mr. Spirit, who is pro se, filed his self-styled answer to the Complaint. (Doc. # 11.) In truth, the "answer" was a thirty page screed wherein Mr. Spirit identified himself as an "inter-dimensional time traveler" from "several million years into the future," sent as an emissary of "an advanced alien race" located 20,000 light years away in "a blue hyper giant binary system close to the Galactic Centre existing in a reality beyond what humans know as „space-time."" (*Id*. at 3.) Needless to say, the "answer," which was unresponsive to the Complaint and entirely devoid of legal argument, fell well short of the pleading requirements set forth in Fed. R. Civ. P. 8. Acting *sua sponte* pursuant to Fed. R. Civ. P. 12(f) and D.C.COLO.LCivR 7.1(i), this Court struck Mr. Spirit"s "answer" on January 13, 2017. (Doc. # 20.) The Court further ordered Mr. Spirit to submit an answer "that complies with the Federal Rules on or before February 13, 2017," described the requirements of Fed. R. Civ. P. 8, and directed Mr. Spirit to the Guide to Civil Lawsuits prepared for pro se litigants by the United States District Court for the District of Colorado. (*Id*. at 2–3.) Finally, the Court warned Mr. Spirit that the submission of "another prolix, vague, or incomprehensible answer would result in additional sanctions, and pave the way for an entry of default." (*Id*. at 3.)

On January 30, 2017, Mr. Spirit filed a second "answer" that was essentially identical to his first. (Doc. # 26.) For the same reasons set forth in the order striking the first "answer," this Court struck the second "answer" on February 3, 2017. (Doc. # 29.)

The Court further ordered Mr. Spirit to show cause in writing on or before February 17, 2017, why, pursuant to Fed. R. Civ. P. 37, default judgment should not be entered for his willful failure to comply with court orders. Mr. Spirit"s response, submitted on February 21, 2017, was identical to his second "answer." (Doc. # 30.) In other words, Mr. Spirit failed to comply with the Court"s order to show cause.

On February 21, 2017, Mr. Spirit filed a motion to dismiss. (Doc. # 31.) Like his "answers," the Motion was a verbose and unintelligible spiritual manifesto, which cited to and relied on unsubmitted exhibits and immaterial documents not before the Court, including Wikipedia articles on predestination and blog posts about the Arctic Tundra. (Doc. # 31 at 3, 5 ¶¶ 29, 31.) The grounds set forth for dismissal included "[t]he greater good of the human race" (*id.* at 2 ¶ 8), unsubstantiated allegations that Plaintiffs and their attorneys engaged in deceptive or unethical conduct (*id.* at 1 ¶ 3; 2 ¶ 18; 4 ¶¶ 13-24; 8 ¶¶34-36; 9 ¶¶ 42-43); that "settlement of a million in [Mr. Spirit"s] favour is predestined and thus can be seen as God"s Will" (*id.* at 7 ¶ 29); that "[a]ny member of the human race, including a judge, cannot judge against [Mr. Spirit] without seriously harming the human race" (*id.* at 7 ¶ 31); and this Court "does not have the capacity to understand the dispute, nor has had 20 years training in higher ethics, morality, wisdom, and karmic purification" (*id.* at 8 ¶ 33).

On March 10, 2017, Plaintiffs filed a motion to strike Mr. Spirit"s motion to dismiss for his failure to comply with D.C.COLO.LCivR 7.1(i), which provides that "[a] verbose, redundant, ungrammatical, or unintelligible motion…may be stricken or returned for revision, and its failing may be grounds for sanctions." (Doc. # 32.) Because the

motion to dismiss failed to comply with the local rules of the District of Colorado, the practice standards of this Court, and was otherwise legally uncognizable, this Court granted Plaintiffs" motion to strike the motion to dismiss on March 14, 2017. (Doc. # 33.)

On March 29, 2017, Plaintiffs filed the instant Motion for Judgment Under Fed. R. Civ. P. Rules 37 and 55 on the bases that Mr. Spirit"s frivolous pleadings do not constitute meaningful participation in this litigation and that Mr. Spirit"s willful disregard of this Court"s order warrants an entry of default. (Doc. # 39.) In terms of the judgment, Plaintiffs request injunctive relief requiring Mr. Spirit to take reasonable steps to remove the derogatory and false statements that are the subject of this lawsuit from certain online sites, a permanent injunction barring Mr. Spirit from publishing the same or substantially similar statements about the Plaintiffs, and an order permitting third party individuals and entities in the United States to delete, delist, or deindex Mr. Spirit"s statements from their internet publications or search engine results. Plaintiffs also request costs in the amount of $669.74. Notably, the prayer for judgment does not request the monetary and special damages set forth in the original complaint.

## II. LEGAL STANDARDS

*a) Pro Se Party*

The Defendant in this action is proceeding pro se, and this Court must construe his pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Nevertheless, it cannot serve as a pro se litigant"s advocate, *Walters v. Wal–Mart Stores, Inc.*, 703 F.3d 1167, 1173 (10th Cir. 2013), nor may it excuse Defendant for failing to follow the same

procedural rules that govern all litigants, *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

    b) *Fed. R. Civ. P. 37*

The Federal Rules of Civil Procedure authorize default judgments against parties who fail to comply with court orders. Fed. R. Civ. P. 37(b); *see also* M.*E.N. Co. v. Control Fluidics*, Inc., 834 F.2d 869, 872 (10th Cir. 1987). Default judgment is generally considered a harsh sanction that should be used only when a party's noncompliance is due to "willfulness, bad faith, or any fault of the [disobedient party]," and not when a party is unable to comply with a discovery order. *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 640, (1976) (quoting *Societe Internationale v. Rogers*, 357 U.S. 197, 212 (1958)). The Tenth Circuit has defined a willful failure as "any intentional failure as distinguished from involuntary noncompliance. No wrongful intent need be shown." *In re Standard Metals Corp.*, 817 F.2d 625, 628–29 (10th Cir. 1987) (quoting *Patterson v. C.I.T. Corp.*, 352 F.2d 333, 336 (10th Cir. 1965)).

To determine if a sanction such as default judgment is appropriate, courts should consider (1) the degree of actual prejudice to the opposing party; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that entry of default would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920–21 (10th Cir. 1992) (citations omitted). "These factors do not constitute a rigid test; rather, they represent criteria for the district court to consider prior to imposing . . . a sanction." *Id.* at 921.

## III. **ANALYSIS**

Applying the factors set forth in *Ehrenhaus*, this Court concludes that default judgment is an appropriate sanction in this case.

The Court finds that Plaintiff has suffered substantial actual prejudice as a result of Mr. Spirit"s recalcitrance. Over the course of this litigation, Mr. Spirit has filed a number of unintelligible documents, and the Plaintiffs have expended precious resources combatting his parade of frivolous filings. Mr. Spirit, citing a conspicuously convenient vow of "lifelong silence" that prohibits him from speaking "to the opposing counsel or the Court under any circumstances," has also refused to comply with the conferral requirements set forth in the local rules of the District of Colorado and the Federal Rules of Civil Procedure, effectively hobbling the ability of the Plaintiffs to conduct meaningful discovery or otherwise move this litigation forward. This intransigence has resulted in significant, and ultimately wasted, expenditures of time and money. Such prejudice weighs heavily in favor of sanction. *See* G*omez v. Dillon Companies, Inc.*, No. 09–cv–00676–REB–KLM, 2010 WL 1644610, at * 3 (D. Colo. Apr. 22, 2010) (concluding that needless delay and increased costs resulting from a party"s failure to participate in discovery satisfied the first prong of the *Ehrenhaus* inquiry); *Armstrong v. Swanson*, No. 08–cv–00194– MSK–MEH, 2009 WL 1938793, *4 (D. Colo. July 2, 2009) (finding "significant prejudice" where an intransigent party failed to respond to communications and participate in discovery).

The Court further concludes that Mr. Spirit"s willful failure to comply with his basic obligations as a litigant has interfered substantially with the judicial process. Progress

6

in this case has been effectively stalled by Mr. Spirit's refusal to confer with opposing counsel. Moreover, Mr. Spirit's blatant disregard of Court rules and orders "has hindered the court's management of its docket and its effort to avoid unnecessary burdens on the court and the opposing party." *Jones v. Thompson*, 996 F.2d 261, 265 (10th Cir. 1993)). The second *Ehrenhaus* factor weighs heavily in favor of sanction.

There is also nothing in the record pointing to any reason for Mr. Spirit's noncompliance other than his intentional decision to flout the rules and orders of this Court. Accordingly, this Court concludes that Mr. Spirit has intentionally disregarded his clear and reasonable obligation to comply with the requirements imposed on him by the Federal Rules of Civil Procedure, and that willful noncompliance weighs in favor of default.

It is also beyond dispute that Mr. Spirit was on notice that default judgment would be a sanction for his continued noncompliance. On the first occasion this Court struck Mr. Spirit's answer, he was specifically and explicitly warned that the submission of "another prolix, vague, or incomprehensible answer would result in additional sanctions, and pave the way for an entry of default." (Doc. # 20 at 3.) After Mr. Spirit filed a virtually identical second "answer," this Court issued an order to "show cause in writing . . . why, pursuant to Fed. R. Civ. P. 37, default judgment should not be entered for his willful failure to comply with the orders of this Court." (Doc. # 29 at 1–2.) Mr. Spirit responded to that order to show cause by resubmitting his second stricken "answer." Because Mr. Spirit was most definitely on notice of the consequences for his noncompliance, this fourth factor weighs heavily in favor of default.

Finally, this Court does not believe that any lesser sanction would be efficacious. "[T]he imposition of lesser sanctions is not mandatory." *Hobratschk v. Perretta*, 2000 WL 313530, *2 (10th Cir.2000) (internal quotations marks and citation omitted). It is highly unlikely that a monetary sanction would have any effect, nor is it clear that this Court would ever be able to collect that sanction. At bottom, Mr. Spirit has consistently demonstrated his belief that he is beyond the earthly reach of this Court. Whether Mr. Spirit"s claims to divinity are a convenient affectation or a sincerely held delusion ultimately does not matter. This Court is certain that no sanction short of default judgment would induce compliance.

Because each of the five *Ehrenhaus* factors weigh heavily in favor of the sanction of default judgment, it is ORDERED that Plaintiffs" Motion for Judgment Under Fed. R. Civ. P. Rules 37 and 55 (Doc. # 39) is GRANTED. It is

FURTHER ORDERED that, pursuant to Fed. R. Civ. P. 37(b)(2)(A)(vi), a default judgment on the complaint shall be entered in favor of Plaintiffs Power Places Tours, Inc., Fred Toby Weiss, and Theresa Weiss and against Defendant Free Spirit. The terms of that judgment are as follows:

1) Defendant Free Spirit is ordered to pay $669.74 in costs.
2) Defendant Free Spirit is permanently enjoined from publishing any of the following or substantially similar defamatory statements:

- Power Places Tours breached a contract it had formed with Free Spirit.
- Fred Toby Weiss breached a contract he had formed with Free Spirit.
- Theresa Weiss breached a contract she had formed with Free Spirit.
- Power Places Tours lied to, defrauded, cheated, or stole money from Free Spirit.

- Fred Toby Weiss lied to, defrauded, cheated, or stole money from Free Spirit.
- Theresa Weiss lied to, defrauded, cheated, or stole money from Free Spirit.
- Power Places Tours engaged in deceptive trade practices while conducting business with Free Spirit.
- Fred Toby Weiss engaged in deceptive trade practices while conducting business with Free Spirit.
- Theresa Weiss engaged in deceptive trade practices while conducting business with Free Spirit.
- A court of law found that Power Places Tours is liable for damages.
- A court of law found that Fred Toby Weiss is liable for damages.
- A court of law found that Theresa Weiss is liable for damages.
- Power Places Tours owes a lawful debt to Free Spirit.
- Fred Toby Weiss owes a lawful debt to Free Spirit.
- Theresa Weiss owes a lawful debt to Free Spirit.
- Fred Toby Weiss lied during a court proceeding in which Free Spirit was a party.
- Theresa Weiss lied during a court proceeding in which Free Spirit was a party.
- Fred Toby Weiss threatened to send Free Spirit to jail or prison.
- Theresa Weiss threatened to send Free Spirit to jail or prison.

3) Defendant Free Spirit is ordered to take reasonable steps to remove the defamatory statements listed above from any website on which Mr. Spirit has published such statements.

DATED: June 23, 2017

BY THE COURT:

*Christine M Arguello*

_____
CHRISTINE M. ARGUELLO
United States District Judge